MICHAEL C. CHRISTMAN, Bar No. 319758
michael.christman@macys.com
MACY'S LAW DEPARTMENT
11477 Olde Cabin Road, Suite 400
St. Louis, MO 63141
Telephone: 314.342.6334
Facsimile: 314.342.6366

Attorneys for Defendant
MACY'S WEST STORES, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MACY'S WEST STORES, INC., <br><br> Plaintiff, <br><br> v. <br><br> TUTOR PERINI CORPORATION, BENCOR GLOBAL, INC., and LAYNE CHRISTENSEN COMPANY, <br><br> Defendants. | Case No. <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Macy's West Stores, Inc. (hereinafter "Macy's"), for its Complaint against Defendants Tutor Perini Corporation ("Tutor"), Bencor Global, Inc. ("Bencor"), and Layne Christensen Company ("Layne") (collectively, "Defendants"), states as follows:

## NATURE OF THE ACTION

1. This is an action filed by Macy's for property damage it sustained as a result of grouting work performed by the Defendants beneath and around Macy's buildings in San Francisco, California.

## PARTIES

2. Plaintiff Macy's is an Ohio corporation with its principal place of business located at 7 West Seventh Street, Cincinnati, Ohio 45202.

COMPLAINT AND JURY DEMAND – PAGE 1

3. Defendant Tutor is a Massachusetts corporation with its principal place of business located at 15901 Olden Street, Sylmar, California 91342. Defendant Tutor may be served through its registered agent for service of process, CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

4. Defendant Bencor is a Delaware corporation with its principal place of business located at 6811 Ash Street, Frisco, Texas 75034. Defendant Bencor may be served through its registered agent for service of process, CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

5. Defendant Layne is a Delaware corporation with its principal place of business located at 1800 Hughes Landing Blvd., Suite 800, The Woodlands, Texas 77380. Defendant Layne may be served through its registered agent for service of process, CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the controversy is between citizens of different states. For jurisdictional purposes, Plaintiff Macy's is a citizen of the State of Ohio, Defendant Tutor is a citizen of the State of Massachusetts and the State of California, and Defendants Bencor and Layne are citizens of the State of Delaware and the State of Texas.

7. Defendants are subject to personal jurisdiction in this Court because Defendants conduct business in the State of California, including their work on the Central Subway that caused the damage to Macy's that is at issue in this lawsuit. Defendant Tutor also is subject to personal jurisdiction in this Court because Tutor's principal place of business is in California.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to

Macy's claims occurred and in which the property that is the subject of the action (Macy's buildings in San Francisco that were damaged by Defendants' work on the Central Subway) is situated.

**FACTS**

9. Macy's owns the building located at 233 Geary Street, San Francisco, California 94102, Block 0314, Lot 001 (the "North Building"), which is located at the corner of Geary Street and Stockton Street.

10. Macy's also owns the building located at 101 Stockton Street, San Francisco, California 94102, Block 0314, Lot 002 (the "West Building"). The West Building is located on Stockton Street directly south of (and adjacent to) the North Building.

11. The Central Subway is the second phase of the Third Street Light Rail line in San Francisco, California. The Central Subway is intended to extend the Third Street line northward from Fourth and King Streets to a surface station south of Bryant Street, where it then will proceed underground to stations at Moscone Center, Union Square, and Chinatown. When completed, the Union Square station will be underground and will be underneath Stockton Street between Geary Street and Market Street.

12. Defendant Tutor was awarded the contract to construct the Union Square station for the Central Subway project. Defendant Tutor subcontracted with Defendant Layne (via Layne's GeoConstruction division) to perform certain work related to the construction of the Union Square station.

13. In August/September 2015, Keller Foundations, LLC ("Keller") acquired Defendant Layne's GeoConstruction division and renamed that division Bencor Global, Inc. Following the acquisition by Keller, Defendant Bencor has continued to perform work related to the construction of the Union Square station.

14. Construction of the Union Square station required excavation along Stockton Street and adjacent to the North Building and the West Building. To

minimize soil movement adjacent to the excavation, Defendants used grouting techniques. Defendants' grouting work involved numerous injections of grout beneath and around the slab of the North Building and the slab of the West Building.

15. Defendants' grout injections beneath and around the slab of the North Building caused portions of that slab to heave upward. The heaving of that slab, in turn, caused other physical damage to the North Building. In addition to the damage to the North Building slab, the damage to the North Building includes, but is not limited to, damage to a diesel tank fuel storage room and damage to a freight elevator shaft.

16. Defendants Tutor's and Bencor's grout injections beneath and around the slab of the West Building caused portions of that slab to heave upward. The heaving of that slab, in turn, caused other physical damage to the West Building. In addition to the damage to the West Building slab, the damage to the West Building includes, but is not limited to, damage to doors, ceilings, walls, floors, soffits, sprinklers, cabinets, and shelves.

17. As a result of Defendants' grout injections and the resulting heaving of the building slabs, Macy's has incurred hundreds of thousands of dollars in damages to the North Building and the West Building.

## **FIRST CAUSE OF ACTION – NEGLIGENCE**

18. Macy's repeats and realleges each and every allegation contained in paragraphs 1 through 17 as if fully set forth herein.

19. Defendants had a common law duty to exercise reasonable care in performing their work so as to avoid damaging the North Building and the West Building.

20. Defendants created the condition in question because they injected grout beneath and around the slabs of the North Building and the West Building, and those grout injections caused the slabs to heave upward, which, in turn, caused further damage to the North Building and the West Building.

21. Defendants knew, or had good reason to know or expect, that grout

injections beneath and around building slabs can cause slabs to heave and that heaving by a slab can cause other physical damage to buildings.

22. Defendants' grout injections caused the slabs to heave upward, resulting in physical damage to the North Building and the West Building.

23. By reason of the foregoing negligence by Defendants, Macy's has sustained hundreds of thousands of dollars in economic damages.

24. Defendants are jointly and severally liable for Macy's economic damages. Alternatively, Defendants' liability should be apportioned according to the principles of comparative fault.

## JURY TRIAL DEMAND

25. Macy's hereby demands a trial by jury on all issues properly before this Court and all questions of facts raised by this Complaint.

WHEREFORE, Plaintiff Macy's West Stores, Inc. demands that judgment be entered in its favor against Defendants Tutor Perini Corp., Bencor Global, Inc., and Layne Christensen Company as follows:

a) On the First Cause of Action, for monetary damages in an amount to be determined at trial together with pre-judgment interest and post-judgment interest;

b) On the First Cause of Action, for costs, expenses, and disbursements; and

c) Such other and further relief as the Court deems just and proper.

Date: May 8, 2018                                     **MACY'S LAW DEPARTMENT**

                                                                      /s/ *Michael C. Christman*
                                                                      Michael C. Christman
                                                                       Attorney for Plaintiff
                                                                       MACY'S WEST STORES, INC.